IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WILLIAM M. PEARCE<br>   Plaintiff, | )<br>)<br>) |
| v. | )   Case No.: 22cv02635-LKG |
| FRONTIER AIRLINES, INC.<br>   Defendant. | )<br>)<br>)<br>) |

**<u>DEFENDANT FRONTIER AIRLINES, INC.'S ANSWER TO AMENDED COMPLAINT</u>**

Defendant, Frontier Airlines, Inc. ("Defendant" or "Frontier"), by and through counsel, hereby submits its Answer, and affirmative and other defenses to the Complaint of Plaintiff William M. Pearce ("Plaintiff") and states as follows, according to the numbered paragraphs:

**I. The Parties to This Complaint**

A. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph I(A) of the Complaint, and therefore denies the same.

B. Defendant admits that it has a location at the address identified in Paragraph I(B). Defendant denies that its business name is "Fontier Airlines." Except as expressly admitted, Defendant denies the allegations contained in Paragraph I(B) of the Complaint.

**II. Basis for Jurisdiction.**

Plaintiff has not stated his basis for jurisdiction in the initial complaint, but states that he purports to bring a claim under the Age Discrimination in Employment Act, and Defendant admits that he purports to assert this federal claim. Defendant denies that it engaged in any wrongdoing and further denies that Plaintiff is entitled to any relief whatsoever.

**III. Statement of Claim**

With regard to the additional handwritten page attached to Paragraph III of the Complaint, Defendant admits that it did not hire the Plaintiff for employment. Defendant denies the remaining

allegations contained in the additional handwritten page attached to Paragraph III of the Complaint.

      A.    Defendant admits that Plaintiff purports to assert claims of discrimination in Paragraph III (A) of the Complaint but denies that it engaged in any wrongdoing or that Plaintiff is entitled to any relief whatsoever.

      B.    Defendant denies the allegations contained in Paragraph III(B) of the Complaint.

      C.    Defendant denies the allegations contained in Paragraph III(C) of the Complaint.

      D.    Defendant lacks the sufficient knowledge or information to admit or deny the allegations contained in Paragraph III(D) of the Complaint.

      E.    Defendant admits that it did not hire the Plaintiff. Defendant denies the remaining allegations contained Paragraph III(E) of the Complaint. Defendant further denies any and all allegations of wrongdoing contained in the attachments to his Complaint.

**IV.**    **Exhaustion of Federal Administrative Remedies**

      A.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph IV(A) of the Complaint, and therefore denies same. Defendant denies any and all allegations of alleged wrongdoing contained in his Amended Charge of Discrimination.

      B.    Defendant admits that the Equal Employment Opportunity Commission issued a Notice of Right to Sue letter on or about July 15, 2022. Defendant lacks sufficient information to admit or deny when Plaintiff received the Notice of Right to Sue letter, and therefore denies the same.

C. The allegations contained in Paragraph IV(C) do not contain any factual allegations that require a response. To the extent that a response is required, the allegations contained in Paragraph IV(C) are denied.

## V. Relief

Defendant denies that Plaintiff is entitled to any remedies or relief in this action, including those sought in Paragraph V of the Complaint.

## VI. Certification and Closing

A. The allegations contained in Paragraph VI(A) do not contain any factual allegations that require a response. To the extent that a response is required, the allegations contained in Paragraph VI(A) are denied.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's claims are barred to the extent that they fail to state a valid claim upon which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

3. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to exhaust his administrative remedies and/or satisfy other procedural requirements.

4. Defendant's actions with respect to Plaintiff were based on legitimate, nondiscriminatory, and non-retaliatory reasons and complied at all times with all applicable law.

5. Plaintiff's claims and/or claims for damages are barred on the grounds that even if any decision concerning Plaintiff was based, in part, on unlawful grounds, and no decision was, Defendant would have reached the same decision based on other legitimate, non-discriminatory reasons.

6. Defendant acted at all times in good faith and consistently maintained, implemented, and enforced policies in the workplace prohibiting discrimination and retaliation.

7. Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct any discriminatory behavior.

8. Defendant has made good faith efforts to prevent discrimination in its workplace, and thus, cannot be liable for the decisions of its agents to the extent the challenged employment decisions were contrary to its efforts to comply with any laws prohibiting discrimination and/or retaliation.

9. Plaintiff's claims are barred to the extent that if any employee of Defendant acted in a manner that violated Plaintiff's rights and/or caused him harm, any such actions were committed outside the scope or course of the employee's employment and without Defendant's consent, knowledge or ratification.

10. Plaintiff's claims are barred, because even if Plaintiff was able to prove that the actions of Defendant about which he complains were motivated by unlawful intent, which he cannot, Defendant would have taken the same actions irrespective of such alleged unlawful intent.

11. Plaintiff is not entitled to recover damages to the extent his alleged injuries were caused, in whole or in part, by her own negligence.

12. Without conceding that Plaintiff has suffered any damages because of any alleged unlawful conduct by Defendant, Defendant is entitled to offset any damages to which Plaintiff may be entitled by actual income Plaintiff has received, or to the extent Plaintiff has otherwise failed to mitigate his damages.

13. Defendant reserves the right to raise additional defenses as may be discovered during the course of this litigation.

**WHEREFORE**, Frontier Airlines, Inc. respectfully requests that the Court dismiss the Complaint with prejudice and enter judgment in its favor, together with the costs and expenses incurred in this lawsuit, including reasonable attorneys' fees and such other and further relief as this Court deems just and proper.

Dated:  January 3, 2023

*/s/ Peter J. Petesch*
Peter J. Petesch (Bar No. 12908)
ppetesch@littler.com
815 Connecticut Avenue, NW, Suite 400
Washington, DC  20006-4046
202.789.3434  (Telephone)
202.842.0011 (Facsimile)

*Counsel for Defendant Frontier Airlines, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of January, 2023, a copy of the foregoing Defendant Frontier Airlines Inc.'s Answer to Plaintiff's Complaint was filed using the CM/ECF system and served by first-class mail, postage prepared, upon the following:

>William M. Pearce
>2334 Sheppard Road
>POB 576
>Monkton, Maryland 21111
>*Pro Se* Plaintiff

        */s/ Peter Petesch*
        Peter Petesch