UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
Telephone (410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

April 5, 2023

ORDER SCHEDULING SETTLEMENT CONFERENCE

RE:   *Pearce v. Frontier Airlines*
      Civil No.: LKG-22-cv-02635

Dear Plaintiff and Counsel:

This case has been referred to me to conduct a settlement conference. Please note that I have scheduled the conference for Wednesday, October 18, 2023 at 10:00 a.m. It will be conducted virtually through the ZoomGov video conferencing platform. Here is the link for the settlement conference:

**Join ZoomGov Meeting:**
https://www.zoomgov.com/j/1617970314?pwd=a2FZdkZhTk8wRlp3TFBYanJnNmtDZz09

**Meeting ID: 161 797 0314**
**Passcode: 517820**

**Dial by your location**
    +1 669 254 5252 US (San Jose)
    +1 646 828 7666 US (New York)
    +1 646 964 1167 US (US Spanish Line)

Please review this letter carefully, as it is an Order of the Court that establishes certain prerequisites that must be fulfilled prior to the commencement of the settlement conference.

It is essential that the parties, or in the case of a corporation, partnership, or government entity, a representative, with complete authority to enter into a binding settlement, participate in the settlement conference. A person with "complete authority" is someone who has the experience and judgment to exercise that authority without having to consult with anyone who is not in attendance at the settlement conference.[1] Attendance only by the attorney for a party is not sufficient.

---

[1] This requirement will only be waived upon a showing of exceptional circumstances. If counsel believes that such circumstances exist, a letter detailing why this Court should excuse the representative from personal attendance should be electronically filed for my consideration at least two weeks before the scheduled settlement conference or immediately upon learning of the extenuating circumstance(s), whichever event is sooner. Also, counsel should confer with all other parties on the matter and provide their position(s) in your letter to the Court.

*Pearce v. Frontier Airlines*
Civil No.: LKG-22-cv-02635
April 5, 2023
Page 2

No later than Wednesday, October 4, 2023 please email me at **MDD_BAHChambers@mdd.uscourts.gov** a short *ex parte* letter from each party. The *ex parte* letter should <u>not exceed five pages</u> and should candidly set forth the following:

(1)  the facts you believe you can prove at trial;

(2)  the major factual and legal weaknesses in each side's case;

(3)  any pending dispositive or other motions that would have a significant effect on settlement;

(4)  an evaluation of the maximum and minimum damage awards you believe likely, and the amount of any existing liens;

(5)  if your client will take the position in settlement discussions that a lack of financial resources will impact your client's ability to pay a judgment or settlement, a summary of your client's finances, including cash on hand, ownership interests in properties, business, and other assets, the amount of any relevant mortgages or liens, and recent income tax information. Documentation supporting the contentions in the summary should be provided to Pro Se Plaintiff before the settlement conference or, if your client is unwilling to provide the documentation to Pro Se Plaintiff, the documentation should be attached to the *ex parte* letter for the Court's review;

(6)  the history of any settlement negotiations to date;

(7)  an estimate of attorneys' fees and costs of litigation through trial; and

(8)  the name and title of the individual(s), representative(s) and counsel who will be attending the virtual settlement conference.[2]

---

[2] Typically, it is most productive if only the parties to the case attend the settlement conference. If you believe it is necessary for a non-party (including a family member) to attend with your client, you must clear that request with the other party or parties and notify chambers before the settlement conference.

The letters may be submitted *ex parte* and will be solely for my use in preparing for the settlement conference. I also will review select filings on the docket. Additionally, if you would like for me to review any case law that you believe is critical to your evaluation of the case, please provide the citations and a brief discussion. If you would like for me to review any exhibits or deposition excerpts, please attach a copy to your letter.[3] <u>A paper copy of all attachments exceeding 25 pages should be mailed to chambers. All attachments over 50 pages should be placed in a binder.</u>

Since settlement conferences are often more productive if the parties have previously exchanged demands and offers and have made a good faith effort to settle the case on their own, I require that the plaintiff submit a written itemization of damages and a settlement demand to the defendants <u>no later than one month prior</u> to the settlement conference. The defendants shall submit a written offer to the plaintiff and any alternate itemization of damages <u>within one week of receiving the demand or no later than three weeks prior to the settlement conference, whichever is later</u>. Thereafter, the parties should continue to engage in negotiations. **Copies of the correspondence between the parties shall be included with the *ex parte* letters submitted to the Court**. Failure to comply without justification may result in the imposition of sanctions.

If either party believes that a telephone conference with me before the October 18, 2023 settlement conference would help to make the conference more productive, please contact my Judicial Assistant to make arrangements.

The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited. *See* 28 U.S.C. § 652(d); Local Rule 607.4. Please also note that the audio or video recording of any mediation session or portion thereof is strictly prohibited. If you learn of an audio or video recording of any session, you must take immediate measures to destroy the recording and agree that you will not disseminate the recording to third parties. You further agree that you will not transmit a live or deferred video or audio relay of the online mediation sessions to third parties. In the unlikely event that you are placed into what is meant to be a private and confidential space such as a "breakout room" and find that you nonetheless can hear or otherwise have access to the confidential conversations or information of others, you should immediately take steps to correct this and immediately contact me.

---

[3] Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) that precludes a lawyer, absent informed client consent, from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement. The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters. Therefore, please discuss these items with your client before appearing for the settlement conference.

<u>Pearce v. Frontier Airlines</u>
Civil No.: LKG-22-cv-02635
April 5, 2023
Page 4

The Court will consider a JOINT request to conduct an in-person conference if all necessary participants agree to appear in person. Such requests should be submitted by joint letter to my chambers within one week of this letter and should include a short statement as to why an in-person conference is preferred.

Despite the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

I look forward to seeing you on October 18, 2023.

                                                Sincerely,

                                                /s/

                                                Brendan A. Hurson
                                                United States Magistrate Judge

cc:      Judge Lydia K. Griggsby