

**Littler Mendelson, P.C.**
815 Connecticut Avenue NW
Suite 400
Washington, DC 20006.4046

Peter Petesch
ppetesch@littler.com

July 11, 2023

Chambers of the Honorable Lydia Kay Griggsby
United States District Judge
United State District Court for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

**Re:  Civil Action No. 22-cv-02635-LKG;  *William Pearce v. Frontier Airlines, Inc.***

To the Honorable Court:

Defendant, Frontier Airlines, Inc. ("Frontier"), respectfully provides this notice of intent to file a dispositive motion, pursuant to the Scheduling Order in this case, and requests that the Court convene a pre-motion conference under Section II.A. of the case management order.  Frontier will request that the Court grant permission to file a Motion for Summary Judgment with respect to Plaintiff, William Pearce's ("Mr. Pearce") Complaint (the "Motion").[1] Mr. Pearce's Complaint alleges age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA") in connection with his application to become a pilot at Frontier.  His claim is based on comments made regarding his flight hours during the screening interview process. In particular, Mr. Pearce claims that during his screening interview, a Frontier representative explained that pilots with higher flight hours tended to experience difficulties in training and that Frontier's pilot hiring committee preferred pilot applicants with less than approximately 7,500 flight hours. Mr. Pearce inferred that this meant that Frontier would not hire older applicants. Discovery has closed in this matter and there is no genuine issue of material fact, based on the deposition testimony on record. As Frontier will argue in its motion for summary judgment, Mr. Pearce cannot support his age discrimination claim as a matter of law.

**Factual Background**

Frontier Airlines is a major airline headquartered in Denver, Colorado, operating flights to destinations in both the United States and internationally. Mr. Pearce, presently a Republic Airlines pilot, applied for a pilot position with Frontier in or around March of 2021. On March 29, 2021, Mr. Peace attended a telephonic screening interview with Gerardo Arellano ("Mr. Arellano") former Senior Manager of Talent Acquisition for Frontier. During the interview, Mr. Arellano

---

[1] On July 10, 2023, Defendant communicated with Plaintiff requesting consent to file a motion for summary judgment. Plaintiff denied Defendant's request.

asked a series of generic questions regarding Mr. Pearce's resume and his flight hours. After the screening interview, Mr. Arellano spoke with Bradley Lambert ("Mr. Lambert"), Vice President of Flight Operations, regarding his thoughts on advancing Mr. Pearce in the hiring process. Mr. Arellano indicated that he felt Frontier should not hire Mr. Pearce for three reasons.

*First*, Mr. Pearce's application indicated that he had a failed his maneuvers validation as a pilot at his current job, Republic Airlines, at Republic because his "sim partner had an incredibly strong Eastern European accent." Mr. Pearce noted, "I just couldn't understand him." Mr. Arellano felt that Mr. Pearce did not take accountability for this failure and put the blame on his sim partner.

*Second*, Frontier had concerns regarding Mr. Pearce's failure to upgrade to a captain's seat while at Republic. Specifically, Mr. Pearce had high flight hours, but had not upgraded to the captain seat for many years. Despite Mr. Pearce's contentions in his pleading, Mr. Arellano did not indicate that Frontier would not hire him because of his age or because he was too old. Indeed, Mr. Arellano was unaware of Mr. Pearce's age (late 50s) at the time of the screening interview.

*Third*, Mr. Arellano felt that Mr. Pearce did not express a specific interest in Frontier. Rather, Mr. Arellano noted that Mr. Pearce seemed like he was just looking for a job during the screening call and provided generic responses.

Importantly, Frontier hired other pilot candidates near Mr. Pearce's age.

## Summary of Law and Argument

Mr. Pearce cannot establish a *prima facie* case of age discrimination based on the alleged comments during his screening interview. Mr. Pearce has the burden to, and cannot, meet the higher "but for" standard for ADEA claims established by the Supreme Court.

Mr. Pearce has no direct evidence of discrimination.  Thus, the Court must follow the burden-shifting approach which the U.S. Supreme Court articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *See EEOC v. Mfrs. & Traders Trust Co.*, 402 F.Supp.3d 201, 229 (D. Md. 2019).  ADEA discrimination claims apply the same burden shifting evidentiary scheme as Title VII cases when there is no proffer of direct evidence, with the exception that Mr. Pearce must prove causation under the more stringent "but for" analysis. *Gross v. FBL Fin. Serv., Inc.*, 557 U.S. 167, 177 (2009); *Arthur v. Pet Dairy*, 593 F. App'x 211, 219 (4th Cir. 2015) (collecting cases for the proposition that the ADEA's "but for" standard is more demanding than Title VII's "motivating factor" standard); *Kosak v. Cath. Health Initiatives of Col.*, 400 F. App'x 363, 365 (10th Cir. 2010).

Should a plaintiff succeed at establishing a *prima facie* case, the employer may then provide a legitimate nondiscriminatory reason for the adverse employment action, as Frontier has done. *Westmoreland v. TWC Admin. LLC*, 924 F.3d 718, 726 (4th Cir. 2019). Once such a reason is proffered, the plaintiff then must "be able to point persuasively to some other form of evidence demonstrating that the employer's explanation was a mere pretext for discrimination." *Laing v. Fed. Express Corp.*, 703 F.3d 713, 720 (4th Cir. 2013). This means that the plaintiff must "establish that the proffered reason is false, and second, plaintiff must establish that the alleged form of discrimination was the real reason." *Ramos v. Molina Healthcare, Inc.*, 963 F. Supp. 2d 511, 525

(E.D. Va. 2013), *aff'd*, 603 F. App'x 173 (4th Cir. 2015).   The ultimate burden to prove discrimination remains with the plaintiff at all times. *Westmoreland*, 924 F.3d at 726.

Here, the uncontroverted testimony demonstrates that Frontier articulated three non-age-related reasons for not hiring Mr. Pearce: (1) failure to take accountability, (2) undesirably high flight hours and failure to upgrade to captain, and (3) a lack of specific interest in Frontier. In no way does the testimony indicate that Frontier considered Mr. Pearce's age, nor does it demonstrate that Frontier was aware of his age at the time of the screening interview. Consequently, Mr. Pearce cannot demonstrate that "but for" his age, Frontier would have hired him as a pilot. Even if this Court finds that Mr. Pearce can demonstrate a *prima facie* case of age discrimination—and he cannot—there is no evidence that Frontier's proffered reasons are pretextual. This is amplified by the fact that Frontier hired pilots of comparable age during the same time frame of Mr. Pearce's application.

While Mr. Pearce did not specifically plead disparate impact in his Complaint (equating high flight hours with age), such claims would fail. An external applicant cannot make a disparate impact claim based on the precedent established in *Kleber v. Fusion Corp.*, 914 F.3d 480 (7th Cir. 2019) (en banc), *cert denied* 140 S.Ct. 306 (2019); *see also Raymond v. Sprit AeroSystems Holdings, Inc*., 2017 WL 2831485 (D. Kan. June 30, 2017); *see also Fulghum v. Embarq Corp.*, 785 F.3d 395, 422 (10th Cir. 2015) (Defendants' decision to reduce or terminate the group life insurance benefit was based on a reasonable factor other than age where defendants "presented evidence the change . . . was motivated by a desire to reduce costs and bring life insurance benefits in line with those provided by other companies").[2] In *Kleber*, an external applicant applied for a position where the job description required 3-7 years—and no more than 7—of relevant experience. *Id*. The Court found that there was no disparate impact because the 3–7-year experience requirement did not translate directly to age. Here, the Court should find the same with respect to Frontier's purported 7000-to-7500-flight hour threshold alleged by Mr. Pearce.

## Conclusion

For the foregoing reasons, Frontier respectfully requests that the Court grant its request, and permit it to file a Motion for Summary Judgment no later than three (3) weeks after granting its request.

---

[2] The facts Plaintiff alleges in his Complaint occurred within the Tenth Circuit, where Frontier is headquartered and where the hiring decisions took place.

Dated: July 11, 2023                          Respectfully submitted,


                                    /s/ Peter J. Petesch
                                    Peter J. Petesch (Bar No. 12908)
                                    ppetesch@littler.com
                                    Alexis Bosilovic (Bar No. 21877)
                                    abosilovic@littler.com
                                    815 Connecticut Avenue, NW, Suite
                                    400
                                    Washington, DC  20006-4046
                                    815 Connecticut Avenue, NW, Suite
                                    400
                                    Washington, DC  20006-4046
                                    202.789.3434  (Telephone)
                                    202.842.0011 (Facsimile)

                                    *Counsel for Defendant Frontier
                                    Airlines, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 11th day of July, 2023, a copy of the foregoing Defendant

Frontier Airlines Inc.'s Notice of Intent to File Pre-Trial Dispositive Motion was filed using the

CM/ECF system and served by first-class mail, postage prepared, upon the following:

 

 

William M. Pearce
2334 Sheppard Road
POB 576
Monkton, Maryland 21111
*Pro Se* Plaintiff

 

 

   */s/ Peter Petesch*   
Peter Petesch