

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM M. PEARCE
    Plaintiff.

v.,                                         Case No: 22cv02635-LKG

FRONTIER AIRLINES, INC.
    Defendant

USDC- BALTIMORE
'23 SEP 18 AM 10:40

**PLAINTIFF WILLIAM PEARCE RESPONSE TO DEFENDANT, FRONTIER AIRLINES MOTION FOR SUMMARY JUDGEMENT**

   As plaintiff in this case, I am proceeding Pro Se, for this portion of the process. I respectfully request the court's understanding of this.

Plaintiff, William Pearce, respectfully asks the court to deny defendants request for summary judgment. Defendant's arguments are exceedingly weak.

1. Summary judgment is not appropriate. HR representative from Frontier stated that because of my *age and my flight time*, I am in a group that are considered difficult to transition and learn. ( pg 61, lines 3 - 11)(pg 37, lines 15 - 20)
2. Defendants, three arguments are built in a room of mirrors with no floor. Their arguments are intended to distract from the accusation at its core.
3. Summary judgment is not appropriate in this case.  The argument is statements, made to plaintiff, by an HR representative of the company. Resulting in plaintive not being hired.

I.    **Introduction.**
   Plaintiff disputes.
   Plaintiff testified(page 61, lines 3 - 11), that in fact, defendants HR representative did in fact, mention *age and flight time*. Defense states that their witness testified unequivocally, that he never even knew Mr. Pearce's age. In the aviation industry, there is a very direct, clear and evident correlation between flight time and age. As plaintiff, I filed this case after a phone interview with Frontier Airlines, HR representative, Mr. Arellano. I was told that because *of my age and flight hours* that the pilot review hiring committee would not consider me. Not believing that I heard this correctly. I asked Mr. Arellano several more times in different ways, and on each subsequent response, he again said that my flight time was too high. I suspect in subsequent responses he might've seen the error in mentioning the word **age**. Regardless, a pilot applicants

flight time and age have a very direct correlation. ( pg 62, lines 20-22 / pg 63, lines 1 -6 ) The flight time argument is a convenient place to hide instead of saying age. These statements, and the fact that I was not selected are the impetus for me filing this case.
Considering the state of affairs that are current, of course, Mr. Arellano will deny this.

II. Statement of undisputed facts.
A. Plaintiff does not dispute.
B. Plaintiff disputes arguments made by defense.

Defense is trying to create the sense that plaintiff is somehow flawed because I did not upgrade to Captain at the current or previous employer. I would like to inform the court that there is no requirement for a first officer to upgrade to captain. While employed at USA 3000 Airlines, I was in fact, enrolled in a captain upgrade class. However, the company canceled that upgrade class because they were downsizing the company to eventually close the operation. Furthermore, I was in an upgrade class at Republic Airways, my current employer. Due to a death in the family, I withdrew from that class. Because of my relative seniority within the company, being very good, I have elected to remain a first officer for quality-of-life reasons. The additional argument is that I had an incomplete recurrent training evaluation due to a language barrier. It was quite frankly just that, a language barrier, with a training partner that had a very thick Eastern European accent. There was no failure of performance in that evaluation, simply the evaluation was not completed in the allotted time. I was subsequently paired with another training partner the following week and performed flawlessly within the allotted time. We actually finished up early with time to spare.

Again, defense is arguing that there is some implied flaw that I have not held Captain at my current employer or previous employer. The facts do not support that.

C. Plaintiff does not dispute this section.

Furthermore, email correspondence from the Director of flight operations, a.k.a. Brad Lambert was very enthusiastic about me joining the Frontier family. Mr. Lambert and I worked together at a previous employer, USA 3000 airlines. *He provided me a letter of recommendation in the application process for Frontier and sent numerous supportive emails. He stated that he " hopes to see me around soon" ( see pages 1 B, 2 B, 3 B , green dot)*

D. Plaintiff disputes.

In disclosing an incomplete yearly maneuvers validation, I referenced a communication barrier. Defense is trying to muddy the waters here by claiming that I did not take accountability. nowhere on the application, and at no point in my conversation with Mr. Arellano, was there any mention of me expressing remorse, and or accountability. ( pg 27, lines 4-24, / pg 28, lines 1-18) I very clearly took accountability by acknowledging that there was a communication barrier. It was unfortunate for all involved, but this should not be a distraction from the claims at the heart of this. Furthermore, defense states that with a pilot candidate, such as myself with a great deal of experience, that it is more difficult to transition and learn *the different and more difficult type of training offered by Frontier.( p37, line 15 - 20)*. Again, this is a distraction technique. Frontier airlines pilot training is no more difficult than any other airline. To discredit their statement, I am an FAA licensed captain on the aircraft that Frontier Airlines flies. I have nearly 5000 hours in that very make and model of aircraft. There is no corollary evidence offered that people with experience are unable to learn. To the contrary, when hired by Republic Airways, I went into training on an aircraft new to me. I achieved my FAA captains license on the Embraer 175 aircraft. Thus, debunking defenses claim that older more experienced people are unable to learn. Defense does not offer any evidence to support the fact that older more experienced people are unable transition and learn.

This statement is again in a room of mirrors with no floor and is in an attempt to refute my claim of statements made by Mr. Arellano?

Defense also states that targeted questions about why I wanted to join Frontier were vague. In email correspondence with Brad Lambert, Director of operations.( see pages 1B, 2B, 3B, green dots) I told him several times that I was looking forward to joining the Frontier family. In the phone interview with Mr. Arellano, we discussed the history of Frontier, and why I wanted to be a part of that family, and that I had numerous friends that flew for them, and they all loved the company. Again, very weak argument, trying to muddy the waters to distract from the claim at hand here.

The summary of why Frontier decided not to advance me in the process, are again, an exaggerated smokescreen. The upgrade to captain was addressed quite clearly. And the concept of taking accountability, for running out of time on a yearly training evaluation is unfounded and without merit. The defense, claiming that I was just looking for a job is totally debunked with my correspondence with the Director of flight operations, a.k.a., Brad Lambert.

III. A & B

Plaintiff disputes. And the standard of review in my belief is inappropriately referenced to caselaw. There is a genuine issue of material fact. Statements made by company representative that *I was too old and too experienced*, are in fact material. Defense reference says McDonnell Douglas standard. It is my believe that this is not an appropriate reference. Direct evidence offered with a corroborating statement made by a witness as to the comments made by company HR representative.

Frontier airlines, HR representative, Mr. Arellano clearly stated once that it was because of my *age and experience* that the pilot review hiring committee would not hire me. Then continued with the flight time argument. Flight time and age being the reason, which is the discrimination argument at hand here.

Furthermore, defense states that in the prima facie stage, a plaintive must show that he satisfied an employer's objective qualifications. My qualifications far exceeded their minimum published requirements, and the mere fact that the Director of operations was pushing me through the process,( see pages 1B,2B,3B, green dots ) including the initial phone interview clearly states that I was qualified and met the basic requirements to have such an interview. Again, defense is trying to muddy the waters by claiming that I had not upgraded to Captain. Previous statements explain that, however, it should be noted that there is no requirement anywhere for a first officer to upgrade the captain. Defense states that Frontiers own proffered evidence demonstrates that I was not qualified for the first officer position are patently false. My qualifications far exceeded all published first officer minimum requirements.

As plaintiff I have clearly satisfied elements of a prima facia case.

Clarification of verbiage for the court, defense states that Mr. Pearce's failure to take accountability over a **recurrent** training failure. It is important to clarify that the term "recurrent" is referred to yearly training, not to be confused with recurring failures.

C. Plaintiff disputes.

Again, defense is trying to bait and switch the argument at hand here. Not being an attorney, not specifically claiming disparate impact. **There is a direct correlation between flight hours and age. The mere fact that Frontier desires to hire people with not more than 7000 to 7500 flight hours is in itself discriminatory. The correlation again between age and flight hours is scientifically provable. Defense has not offered any evidence to the contrary.**

Furthermore, they list elements to establish a prima facia case of discrimination, and a protected class.
- I am over 40 years of a
- I did apply for an available position
- I am qualified for the advertise
- I was rejected because of hours, and age, because I am in a group that defense says, can have difficulty transitioning and learning.( pg37, line 15 -20)
- I have and can very easily satisfy the employers objective and their qualifications
- Frontier Airlines, published minimum pilot requirements, pale in comparison to my experience
- I can, and will demonstrate that I am exceptionally qualified, that I exceed Frontier Airlines qualifications for the first officer position.

Furthermore, defense states, the proffered evidence demonstrates that I was not qualified for this first officer position. This is patently false.

**I offered into evidence, phone records, and an email dated shortly after my phone interview with a colleague of mine, James McCarthy. His email specifically states what I shared with him about the conversation with Mr. Arellano. He and I spoke just minutes after my conversation with Mr. Arellano, James's statement covers my claim and statement 100% Stating that I told him specifically that Mr. Arellano said I was *too old and set in my ways*. ( see pages 1 A, 2 A, pink dots )**

Again, not being an attorney. However, the way I read, interpret and respond, most wholeheartedly establishes a prima facia case of age discrimination. To reiterate the defenses three reasons for not hiring me are in intended to be distracting and misleading.

IV.

Conclusion

It is my belief that the defense has not portrayed me in the best light and are trying to blur the facts and distract all parties involved from the claim at hand.

While I can't speak knowledgeably about caselaw, I'm not convinced that the McDonell Douglas standard is a benchmark here.

In the EEOC mediation, the defense offered me an interview and if selected would stipulate to allow this claim to be put on the shelf for 366 days of employment. After that time frame, I would be under the protection of the pilots union. **They wanted me then, to make this go away.**

Furthermore, my response too, "that all three of Frontiers articulated non-age-related reasons for rejecting my application are pretextual." The three points that Frontier claims are nothing short of smokescreen. Their own documentation contradicts their claims. In today's airline industry, these three claims, first of all would not be part of an HR hiring criteria, furthermore, if held to be to a standard, they would be laughed at.

To reiterate, Mr. Arellano specifically said once, my age, and several times about my flight time were the reason the pilot hiring review committee would not hire me, unless Brad Lambert, Frontier Director of flight ops, strong armed them. Again, I was enrolled in a captain's upgrade class that was canceled at USA 3000. I also was in a Captains upgrade class at Republic when I had a death in the family and removed myself. I had quite a bit of emails exchange with Brad Lambert, stating my desire and excitement to join the Frontier family. All disclosed in deposition and discovery.

Again, all are baseless, incorrect accusations made by the defense. They are to trying to retract and deconstruct Mr. Arellano's on his statement that he reiterated in various ways, three times during our conversation.

Mr. Arellano was instructed to interview me by Brad Lambert, the Director flight operations. Mr Arellano was of the impression that Brad and I were very close. Mr. Arellano chose to speak quite freely in light of this perception he had. His very candid statement that the pilot review committee would not hire me because of my age and that I have twice the flight time then they hire. Dumbfounded by this comment I continue the conversation for a time longer and asked him several more times why this was. He also said no less than three times that if Brad wanted me be brought in for an interview and be hired, they could "strong-arm" the pilot hiring review committee. Judging by Brad's enthusiasm for me, telling me that would be great having me on the property, and him also writing me a letter of recommendation that accompanied my application, tells me they ( he) Frontier Airlines wanted me. ( see pages 1B, 2B, 3B, green dots) Mr. Arellano went on to say that he will have coffee with Brad in the morning and discuss me. He also asked several times it was OK to call me at lunchtime, I said certainly. I suspect that in the conversation Mr. Arellano told Brad what he said, and the error of his words was revealed, and damage control was implemented. I never heard from him again.

**In closing I'd also like to share with a Court that I recently received an email from Frontier Human Resources, pilot requirement. It asked me to update my application and review the hiring bonus plan.( see page 1 C, orange dot )**

The defense has offered the weakest of arguments bordering on fiction. *Now they find themselves trying to put out a fire by distraction.* I have established a prima facia case.

I respectfully ask the court to readily dismiss the defense request for summary judgment, then allow both parties, hopefully to resolve this matter in mediation. If unable to be resolved, then to proceed to trial where I will be represented by counsel.

Dated: September 18, 2023


Respectfully submitted;

William Morgan Pearce

*/s/ William Morgan Pearce*