IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM M. PEARCE<br>      Plaintiff, | )<br>)<br>) | |
| v. | ) | Case No.: 22cv02635-LKG |
| | ) | |
| FRONTIER AIRLINES, INC.<br>      Defendant. | )<br>)<br>) | |

**DEFENDANT, FRONTIER AIRLINES, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

**I.   INTRODUCTION**

Plaintiff, William Pearce ("Pearce"), fails to show with admissible evidence or facts that do not contradict his prior deposition testimony that his claim under the Age Discrimination in Employment Act ("ADEA") should survive summary judgment. As explained in its motion for summary judgment (D.E. 22), Defendant, Frontier Airlines, Inc. ("Frontier") declined to advance Mr. Pearce in the pilot hiring process because of his (1) undesirably high number of flight hours without upgrading to Captain, (2) not taking appropriate accountability for a prior training mishap, and (3) not providing sufficient insight as to why he specifically wanted to join Frontier – and not because of his age. *See* D.E. 22-1 pp. 3-5 (affidavit and deposition transcript citations omitted).

Neither Mr. Pearce's differing opinions on his qualifications nor his efforts to reverse his sworn deposition testimony will satisfy his burden to show pretext or genuine issues of material fact necessary to overcome summary judgment. In the end, his claim is based on personal speculation and indignation over his not being selected as a pilot – which is not sufficient to sustain his claim or defeat this motion. Frontier's summary judgment motion should be granted.

1

**II.     SWORN TESTIMONY UNDERMINING PLAINTIFF'S CLAIM**

The facts and testimony in this failure to hire case are simple. Mr. Pearce's sworn deposition testimony undercuts his allegation repeated in his Opposition submission (D.E. 27, pp. 1, 3) that a Frontier representative told him that he was too old for the entry level pilot position.[1] At his deposition, Mr. Pearce testified:

Q.     In – in the conversation with [interviewer] Mr. Arellano, did he ask you your age?

A.     No.

Q.     Did you volunteer your age?

A.     No.

Q.     Did he ever say, in the conversation, that your age was a concern?

A.     *Indirectly*.

*See* D.E. 22-1 p. 5; D.E. 22-2 p. 25 (Pearce Deposition Tr. at 65). Mr. Pearce equated concern over flight hours with concern over age. *Id*.; D.E. 27, p. 3. Yet, when pressed further on his conversation with Mr. Arellano, Mr. Pearce testified:

Q.     Did – did – did Mr. Arellano ever use the term age in your conversation?

A.     I believe in one of the circling backs he – I believe he *might* have, yes.

Q.     Okay. You can't say definitively whether he –

A.     No.

Q.     -- said age?

A.     But it was – the intent is very clear.

Q.     Well, you inferred, based on flight hours, that he meant years of experience –

---

[1] Mr. Pearce also does not even address, and cannot address, the fact that Frontier hired other qualified pilot applicants in his age group. *See* D.E. 22-1 pp. 5-6; D.E. 22-2 (Lambert Affidavit) ¶ 9. That fact is uncontested. *See* Fed.R.Civ.P 56(e).

A.      Jerry [Arellano]'s statement was –

Q.      That he meant years of experience and/or age?

A.      Yes.  And that derived from the number of flight hours.  His words were, well, I'm looking at your flight time.  Here's the rub, or something to that effect. . . .

D.E. 22-1 p. 5; D.E. 22-2, pp. 27-28 (Pearce Deposition Tr. at 75-76).  Mr. Arellano repeatedly denied mentioning or being concerned with Mr. Pearce's age. D.E. 22-1 p. 5; D.E. 22-2, pp. 46, 49-51 (Arellano Deposition Tr. at 14, 17, 18-19).  Mr. Pearce could not contradict that sworn testimony.  He could only assume or speculate that the reticence over flight hours expressed by Mr. Arellano equated to an issue with age.  D.E. 22-1, p. 5; D.E. 22-2, pp. 25, 28, 29 (Pearce Deposition Tr. at 62, 76, 79).

### III.    ARGUMENT

    **A.    Mr. Pearce Fails to Come Forward With Admissible Evidence to Show That Frontier's Articulated and Non-Discriminatory Reasons for Not Hiring Him Were False and a Pretext for Age Discrimination**

Mr. Pearce's own testimony undercuts any contention that he has direct evidence of age discrimination; yet, he claims that he can also support a *prima facie* age discrimination claim under the *McDonnell-Douglas* standard, despite Frontier's arguments to the contrary.  See D.E. 27, p. 4. This is of little consequence, however, because "the relevance of the *prima facie* case under *McDonnell Douglas* at the summary judgment stage is limited" and, instead, once a legitimate reason for the adverse action is proffered (as Frontier has done), the Court may properly focus on the "'ultimate question of discrimination *vel non*.'" *E.E.O.C. v. Mfrs. & Traders Tr. Co.*, 429 F. Supp. 3d 89, 120 (D. Md. 2019) (quoting *Merritt v. Old Dominion Freight Line, Inc.*, 601 F.3d 289, 295 (4th Cir. 2010)). Given that Frontier proffered legitimate reasons for not advancing Mr. Pearce in the hiring process, it may be presumed that the *prima facie* case has been met and the

3

Court may move on to that "ultimate issue." Mr. Pearce must now come forward with evidence to prove pretext. *See e.g. Laing v. Fed. Express Corp.*, 703 F.3d 713, 721 (4th Cir. 2013) (affirming summary judgment applying Title VII standards to FMLA case). Mr. Pearce, however, cannot create a genuine dispute of material fact as to pretext and so the Court should enter judgment as a matter of law in Frontier's favor.

Mr. Pearce must be able to prove that the reasons set forth by Frontier for not hiring him are pretextual or false *and* that he was not advanced in the hiring process "but for" his age. *See Gross v. FBL Fin. Serv., Inc.*, 557 U.S. 167, 177 (2009); *Arthur v. Pet Dairy*, 593 F. App'x 211, 219 (4th Cir. 2015) (collecting cases holding that the ADEA's "but for" standard is more demanding than Title VII's "motivating factor" standard); *Ramos v. Molina Healthcare, Inc.*, 963 F. Supp. 2d 511, 525 (E.D. Va. 2013), *aff'd*, 603 F. App'x 173 (4th Cir. 2015) (granting summary judgment on age discrimination claims and holding plaintiff must "establish that the proffered reason is false, and second, plaintiff must establish that the alleged form of discrimination was the real reason" and "a plaintiff may not simply allege that the employer's stated reasons were inaccurate without also tethering (or enabling the court to tether) the employer's decision to discriminatory reasons").

He must but cannot come forward with admissible evidence to show that Frontier's reasons for not advancing him were false. He fails even at this stage. Even if he had evidence showing that Frontier's explanation for not hiring him was false (and not just a difference of opinion, as discussed *infra*), it is insufficient merely to present evidence undermining an employer's proffer without also creating the inference of discrimination. *Saulsberry v. Savannah River Remediation, LLC*, 2019 WL 3711978, at *7 (D.S.C. Aug. 7, 2019) ("Importantly, rejecting an employer's legitimate, nondiscriminatory reason does not compel judgment for a plaintiff because the ultimate

question is whether a plaintiff is the victim of unlawful discrimination." (*citing Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 146-47 (2000) and *St. Mary's Honor's Center v. Hicks*, 509 U.S. 502, 511, 524 (1993)). Mr. Pearce cannot meet these burdens on summary judgment and his age discrimination claim fails.

      **B.**    **Mr. Pearce Cannot Create a Genuine Dispute of Material Fact Sufficient to Survive Summary Judgment Under the "Sham Affidavit" Doctrine.**

Mr. Pearce's Opposition submission, in which he alleges that he was told that his age was problematic (D.E. 27, p. 3), is not a declaration or affidavit. Even if the Court treated his submission as a declaration or affidavit, however, he cannot use it as a "mulligan" to reverse or escape his deposition testimony. Under the "sham affidavit" doctrine, "a party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement (by, say, filing a later affidavit that flatly contradicts that party's earlier sworn deposition) without explaining the contradiction or attempting to resolve the disparity." *Elat v. Ngoubene*, 993 F.Supp.2d 497, 527-528 (D. Md. 2014) (citing *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806, 119 S.Ct. 1597, 143 L.Ed.2d 966 (1999)). Mr. Pearce fails to do that, and his prior testimony admitting that he could *not* say that age was actually raised in his conversation with Mr. Arellano at Frontier must stand.

      **C.**    **Mr. Pearce Relies on Statements that Constitute Inadmissible Hearsay.**

Mr. Pearce also proffers an unsworn statement from a friend recounting a conversation in which Mr. Pearce told him about his conversation with Mr. Arellano from Frontier. D.E. 27, p. 4; D.E. 27-2. Even if an unsworn statement of this nature could be admissible in a summary judgment motion, it contains multiple layers of inadmissible hearsay. Fed.R.Civ.P. 56(c)(2) warrants the presentation of admissible evidence to support or oppose summary judgment. Inadmissible hearsay "cannot create a factual dispute" for purposes of summary judgment. *See Stanton v. Elliott*,

25 F.4th 227, 237 n.7 (4th Cir. 2022); *see also Graves v. Lioi*, 930 F.3d 307, 326 n. 15 (4th Cir. 2019) (observing that, "hearsay, like other evidence inadmissible at trial, is ordinarily an inadequate basis for summary judgment."). "Out of court statements constitute hearsay only when offered in evidence to prove the truth of the matter asserted." *In re C.R. Bard, Inc., MDL. No. 2187, Pelvis Repair System Products Liability Litigation*, 810 F.3d 913, 925-926 (4th Cir. 2016). What Mr. Pearce may have told his friend after his conversation with Mr. Arellano, and what the friend reports Mr. Pearce as having recounted will not create a genuine issue of material fact. The statement should be disregarded and does not create a genuine issue of material fact.[2]

      **D.**      **Mr. Pearce's Differing Opinion on His Suitability for the Pilot Position Does Not Create a Genuine Issue of Material Fact**

Mr. Pearce's Opposition submission offers extensive discussion opining that his experience made him an ideal pilot candidate for Frontier, that his not upgrading to Captain was of no consequence, and that his earlier training mishap (and his rationale over it) was a non-starter. *See* D.E. 27 at 2-3. With all due respect to Mr. Pearce and his career as a first officer at Republic Airways, his opinion will not defeat summary judgment. When evaluating whether an employer took an adverse employment action for legitimate and lawful reasons, the "question at issue is whether the 'decision maker' acted with discriminatory animus, [and] only the 'perception of the decision maker' is 'relevant' to the question." *Mfs. & Traders Tr. Co.*, 429 F. Supp. 2d at 121-22 (quoting *Hux v. City of Newport News*, 451 F.3d 311, 319 (4th Cir. 2006)); *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 280 (4th Cir. 2000), *cert. denied*, 531 U.S. 875 (2000). When analyzing an individual's qualifications for a particular job, "[i]t is the perception of the decision maker which is relevant, not the self-assessment of the plaintiff." *Kroboth v. Eli Lilly & Co.*, Slip Op. 5:19-cv-

---

[2] Mr. Pearce's representations on discussions in mediation before the EEOC, raised in his Opposition submission, are also inadmissible and should be stricken. *See* D.E. 27 p. 4.

222-FL (E.D.N.C. March 29, 2023) (granting summary judgment on ADEA claim) (citing *Evans v. Tech. Applications & Serv. Co.*, 80 F.3d 954, 960-61 (4th Cir. 1996)).

As such, Mr. Pearce's personal and subjective belief—without more—about his suitability for a pilot position at Frontier is irrelevant. *See, e.g.*, *Vessells v. Kaydon Ring & Seal*, 2018 WL 3122454, at *7 (D. Md. June 26, 2018) (granting summary judgment on Title VII claims, noting that plaintiff's assessment of his own work and experience is irrelevant). In essence, he asks the Court to second-guess Frontier's judgment on his suitability as a pilot candidate. This is not permissible. *See DeJarnette v. Corning Inc.*, 133 F.3d 293, 298-99 (4th Cir. 1998) (noting that federal courts do "not sit as a kind of super-personnel department weighing the prudence of employment decisions made by" defendants and civil right statutes are "not a vehicle for substituting the judgment of a court for that of the employer"); *Khoury v. Meserve*, 268 F.Supp.2d 600, 615 (D. Md. 2003) ("[t]his court's task is not to sit, in this context, as a super personnel agency. It is not enough for Plaintiff to allege pretext based on her own view of the truth . . ."). *See also Laing v. Fed. Express Corp.*, 703 F.3d at 722 ("it is not our province to decide whether the reason was wise, fair, or even correct"); *Mfs. & Traders Tr. Co.*, 429 F. Supp. 2d at 122 (same); *Rogosin v. Mayor and City Council of Baltimore*, 197 F.Supp.2d 345, 353 (D. Md. 2002) ("Whether [the decision maker's] beliefs were right or wrong is immaterial"). Mr. Pearce cannot defeat summary judgment based on a difference of opinion.

        **E.**       **Mr. Pearce's Age Discrimination Claim Is Reduced to Speculation**

Mr. Pearce is left to speculating that Frontier did not advance his candidacy because he was too old, and that Frontier's preference for pilot candidates with a lower threshold of flight hours (*i.e.,* experience) is tantamount to age discrimination. As the court held in *Kleber v. Fusion Corp.*, 914 F.3d 480 (7th Cir. 2019) (en banc), *cert denied* 140 S.Ct. 306 (2019), this is not the

case. *See* D.E. 22-1 p. 10 (discussing *Kleber's* holding that an experience profile of 3-7 years does not translate to an age preference).

As such, Mr. Pearce's age discrimination is grounded in speculation. Speculative testimony from an employee or applicant about an employer's motive, as here, does not create a genuine issue of material fact. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *see also Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 308 (4th Cir. 2006) (employee's own speculation cannot prevent summary judgment); *Goldberg v. B. Green & Co., Inc.*, 836 F.2d 845, 848 (4th Cir.1988) ("Conclusory assertions that [defendant's] state of mind and motivation are in dispute are not enough to withstand summary judgment."); *Mfs. & Traders Tr. Co.*, 429 F. Supp. 2d at 122 (speculation will not overcome summary judgment).

### III.  CONCLUSION

Mr. Pearce has no admissible evidence to sustain an age discrimination claim. He appears to believe sincerely that he would have been a suitable and successful pilot candidate at Frontier. He also believes that Frontier's reference to his flight hours was a veiled reference to his age. Those confident beliefs, however, are not sufficient to shoulder his burden to prove age discrimination or to withstand the sworn admissible testimony showing that age was not a factor behind Frontier's decision not to advance Mr. Pearce's pilot candidacy. As such, there are no triable issues. For the reasons set forth above and in Frontier's motion for summary judgment, Defendant Frontier Airlines is entitled to summary judgment in this matter.

Dated:  September 27, 2023                                     Respectfully submitted,

*/s/ Peter J. Petesch*
Peter J. Petesch (Bar No. 12908)
ppetesch@littler.com
Alexis Bosilovic (Bar No. 21877)
abosilovic@littler.com
815 Connecticut Avenue, NW, Suite 400
Washington, DC  20006-4046
202.789.3434  (Telephone)
202.842.0011 (Facsimile)

*Counsel for Defendant Frontier Airlines, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of September, 2023, a copy of the foregoing Defendant Frontier Airlines Inc.'s Reply in Support of Its Motion for Summary Judgment was filed using the CM/ECF system and served by first-class mail, postage prepared, upon the following:

> William M. Pearce
> 2334 Sheppard Road
> POB 576
> Monkton, Maryland 21111
> *Pro Se* Plaintiff

           */s/ Alexis Bosilovic*
           Alexis Bosilovic