IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED _____ ENTERED
LOGGED _SES_ RECEIVED

OCT 2 0 2023

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

WILLIAM M PEARCE.
Plaintiff.

v.

Case No. 22cv02636-LKG

FRONTIER AIRLINES, INC.
Defendant.

Exhibit A;

1. *Facts to be Proven at Trial.*

The facts of this case are straightforward. Mr. Pearce is a very experienced and accomplished airline pilot, who was working for Republic Airways at the time he applied for employment with Frontier, which offered higher pay and benefits. On March 29, 2021 (just shy of his 58th birthday), Mr. Pearce interviewed for a First Officer's position with Frontier Senior Manager Human Resources Gerardo Arellano. During the interview, Mr. Arellano told Mr. Pearce that he had "great experience," including direct experience as an FAA licensed Captain on the Airbus 320 which is the plane that Frontier flies, but that Frontier had a policy of not hiring pilots with more than 7000-7500 flight hours logged. By that point, Mr. Pearce had over 13,000 flight hours. When Mr. Pearce asked why Frontier had that policy, Arellano replied "It is their belief that pilots with your amount of flight time *and age* are believed to be too set in their ways and considered untrainable." Soon after this conversation occurred, on April 5, 2021,

Mr. Pearce sent an email to his point of contact at Frontier, Bradley Lambert (a high level manager who would have been involved in these types of hiring decisions), and he reported the conversation to Lambert:

> Hi Brad -- . . . Would you have a few minutes to talk tomorrow? As you know, Jerry and I had a great discussion last week. He shared that my flight time and age could be a problem??? He said that people with my experience and age were considered untrainable and set in our ways by some?? . . . Is this really the policy that if you have too much time you are untrainable??? . . . Was really hoping to join the Frontier family.

There is no doubt that Arellano's recommendation not to hire Pearce carried weight with Lambert. Lambert responded to an email in which Arellano recommended not hiring Pearce by saying "If you are uncomfortable then I am uncomfortable." Frontier denies that Arellano made reference to Pearce's age during the interview, or that age played any part in the decision not to offer Pearce employment. But that is a classic dispute of fact that only a jury can resolve at trial. Pearce testified at his deposition that Arellano made reference to both his age and the flight time, and a jury could credit that testimony. [Pearce deposition, at p. 61] And if the jury believes Pearce, then Arellano's confession to Pearce is direct evidence of discrimination, sufficient for the jury to find in Pearce's favor on that basis alone. *Ikome v. CSRA, LLC*, No. PWG-17-3407, 2019 WL 3253391, at *3–5 (D. Md. July 19, 2019); *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 318 n.4 (4th Cir. 2005). Corroboration is not required. *Loveless v. John's Ford, Inc.*, 232 Fed.Appx. 229, 234 (4th Cir. 2007). As it happens though, Pearce offers corroboration in the form of his contemporaneous email to Lambert where he reported the content of the conversation very soon after it occurred, and while it was very fresh in his memory. Pearce also told a friendly colleague in the airline industry soon after his conversation with Arellano. Pearce's colleague contemporaneously provided an email outlining the content of their conversation which has been entered into evidence. Thus, a jury could easily believe that Pearce's depiction of his discussion with Arellano is true.

Indeed, there is also partial corroboration from Arellano himself. On March 29, 2021, just before interviewing Pearce for the job,

Arellano wrote to Lambert: "Hi Brad. I'm calling this guy here shortly. He's currently at 13,057 TTL. I also included a copy below of the addendum below. He doesn't take accountability." This email makes clear that Arellano was primarily concerned with the number of flight hours that Pearce had accumulated over his career – just as Pearce has described. And the jury could easily conclude that Arellano considered a high flight hour total to be correlated with age – just as Pearce has testified that Arellano told him during the interview. Indeed, a jury might readily conclude that absent age discrimination, a prospective employer would consider robust experience on the job to be a good thing, not a detriment. But because of age, Frontier considered older pilots with high flight hour totals to be "untrainable." On this record, the jury could easily conclude that Arellano was using the "flight hours" as a proxy for age, since only pilots who were older would have had the opportunity to accumulate such a high flight hour total.

To be sure, Frontier argues in this litigation that Arellano also made reference in his email to a second explanation – Pearce's alleged failure to take "accountability" over an incident referenced in the "addendum" to his email. But the jury could easily reject this explanation as pretextual, and find that age was the factor that really made the difference. The incident in question was Pearce's initial failure to pass *one* yearly "maneuvers validation" in June 2018. But as Pearce explained to Arellano in the interview, his single failure in this annual test three years earlier was the result of his having difficulty understanding the simulator partner that Pearce was partnered with to test him, because he had a very thick eastern European accent and Mr. Pearce had difficulty understanding him, and hence ran out of the allotted time. He then easily passed the examination when taken again with a different partner. When Mr. Pearce explained this to Arellano during the interview, Arellano responded "no worries Bill, we have guys with lot's worse issues."

Thus, based on Arellano's own statement to Pearce, the jury could find that this single test failure years earlier was no big deal, and does not credibly explain why Frontier refused to hire Pearce. And even if the jury finds that Arellano really did

consider this relatively negligible incident as a factor, it still does not mean that Frontier automatically prevails. At trial, the jury would need to decide which factor was the one that made the difference. That is, the law does not require Pearce to prove that his age was the "sole" or only reason for the non-hiring; he merely needs to establish that his age was a " but for" cause, even if other reasons played a small part. *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 467 n.4 (4th Cir. 1999) (rejecting "solely because of" standard of proof under ADA); *see also, Leah v. McHugh*, 731 F.3d 405, 414-15 (5th Cir. 2013) ("'but for' causation does not mean 'sole reason'"); *Jones v. Okla. City Pub. Schs.*, 617 F.3d 1273, 1278 (10th Cir. 2010) (but for causation satisfied where the discriminatory motive at issue "made a difference" in the decision). Indeed, the Supreme Court has repeatedly cautioned that "but-for" causation does not mean sole cause. *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1014-15 (2020) ("a plaintiff bears the burden of showing that race was a but-for cause of its injury" and "If the defendant would have responded the same way to the plaintiff even if he had been white, an ordinary speaker of English would say that the plaintiff received the "same" legally protected right as a white person. Conversely, if the defendant would have responded differently but for the plaintiff's race, it follows that the plaintiff has not received the same right as a white person."); *Bostock v. Clayton Cty.*, 140 S.Ct. 1731, 1739 (2020) ("So, for example, if a car accident occurred *both* because the defendant ran a red light *and* because the plaintiff failed to signal his turn at the intersection, we might call each a but-for cause of the collision. *Id.* (emphasis in original) (citing *Burrage v. United States*, 571 U.S. 204, 211–212 (2014)).

In sum, it will be for the jury, at trial, to determine whether or not Arellano confessed the true motivation (Pearce's age) for Frontier's refusal to hire, and was candid about their stereotypical belief that a pilot with his age and flight hours was simply "untrainable." That question – the true motive and intent behind Frontier's decision – can only properly be resolved at trial.

William M Pearce
10/12/2023

*/s/ William M Pearce*

## Certificate of Service

I hear-by certify that on this 13th day of October 2023 a copy of plaintiff's request for motion to leave to file a supplemental memorandum has been delivered to Baltimore Federal Courthouse via certified mail. Also, a copy was sent via certified mail to defense counsel.

Peter Petesch
Littler
815 Connecticut, Avenue NW Suite 400
Washington DC, 20006–4046

William M Pearce