IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WILLIAM M. PEARCE ) | |
|      Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 22cv02635-LKG |
| ) | |
| FRONTIER AIRLINES, INC. ) | |
|      Defendant. ) | |
| _____ ) | |

**DEFENDANT FRONTIER AIRLINES, INC.'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

I.  INTRODUCTION

Plaintiff, William Pearce's ("Plaintiff" or "Pearce") Supplemental Memorandum in Opposition to Defendant's Motion (the "Supplement") fails to put forth any new, admissible evidence to support his claims under the Age Discrimination in Employment Act ("ADEA") or overcome summary judgment. As set forth in its opening brief and subsequent responses, Frontier declined to hire Mr. Pearce for reasons entirely unrelated to his age. During his deposition, Mr. Pearce could not affirmatively say whether Defendant Frontier Airlines, Inc. ("Frontier" or "Defendant") mentioned age during his screening interview. Yet, in his Supplement, Mr. Pearce relies on two after-the-fact accounts of his interview with Mr. Gerardo Arellano ("Mr. Arellano") purporting to contradict his deposition testimony: (1) a post-interview conversation with a friend and (2) an email to Brad Lambert following the interview. There, Mr. Pearce recharacterizes his interview to include a concern with his age. Both accounts fall squarely within the definition of inadmissible hearsay, do not create any genuine dispute of material fact, and are not subject to an exception or exemption to the hearsay rule under the Federal Rules of Evidence. Ultimately, Mr.

1

Pearce's claims are based on speculation and inadmissible evidence—which is insufficient to overcome Frontier's motion for summary judgment. Frontier's motion for summary judgment should therefore be granted.

II.     ARGUMENT

　　A.     **Mr. Pearce's Supplement Relies on Inadmissible Hearsay Evidence.**

Mr. Pearce's Supplement, like his Opposition to Defendant's Motion for Summary Judgment, relies on inadmissible evidence to support his argument that Frontier relied on his age as the basis for denying him employment. In his Supplement, Mr. Pearce submits an email he wrote to Frontier's Vice President of Flight Operations, Brad Lambert, in which he characterizes his screening interview with Frontier. In that email, he claims Mr. Arellano stated that Frontier's policy for not hiring pilots with more than 7000 to 7500 flight hours was that, "pilots with your amount of flight time *and age* are believed to be too set in their ways and considered untrainable." (emphasis added).[1] (ECF No. 32, at 1). Yet, Mr. Pearce's proffered email contradicts his own deposition testimony. Mr. Pearce's deposition testimony reflects that he could not say whether age was ever mentioned during his interview with Mr. Arellano:

　　Q: Did he ever say, in the conversation, that you age was a concern?

　　A: ***Indirectly.***

　　Q: What do you mean by indirect? Explain what you mean by indirectly?

　　A: In this industry, 15—14—13,000 hours and above is a considerable amount of time. And if you've been in—if you have been in the industry for any length of time, you can very easily

---

[1] Mr. Pearce's Supplement is not a declaration or affidavit and cannot change his deposition testimony under the "sham affidavit" doctrine. *Elat v. Ngoubene*, 993 F.Supp.2d 497, 527-528 (D. Md. 2014) (citing *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806, 119 S.Ct. 1597, 143 L.Ed.2d 966 (1999)).

correlate that to an age approximation. (Pearce Deposition Tr. 62:15-22; 66: 1-3) (emphasis added).

Later, when pressed further on the issue of whether age was specifically referenced during his interview with Mr. Arellano, Mr. Pearce stated:

Q. In – in the conversation with [interviewer] Mr. Arellano, did he ask you your age?

A. No.

Q. Did you volunteer your age?

A. No.

Q. Did he ever say, in the conversation, that your age was a concern?

A. *Indirectly*.

*See* D.E. 22-1 p. 5; D.E. 22-2 p. 25 (Pearce Deposition Tr. at 65).  Mr. Pearce equated a concern over flight hours with concern over age. *Id.*; D.E. 27, p. 3.  Further, he testified:

Q. Did – did – did Mr. Arellano ever use the term age in your conversation?

A. I believe in one of the circling backs he – I believe he *might* have, yes.

Q. Okay.  You can't say definitively whether he –

A. No.

Q. -- said age?

A. But it was – the intent is very clear.

Q. Well, you inferred, based on flight hours, that he meant years of experience –

A. Jerry [Arellano]'s statement was –

Q. That he meant years of experience and/or age?

A. Yes.  And that derived from the number of flight hours.  His words were, well, I'm looking at your flight time.  Here's the rub, or something to that effect. . . .

3

(Pearce Deposition Tr. at 75-76).

At no point in his deposition could Mr. Pearce say that Mr. Arellano mentioned his age specifically during the interview. Instead, he relies on his own speculation (and after the fact characterization of the conversation) that age correlates to flight time. As Frontier argues it its opening and responsive briefs, it does not.

While Mr. Pearce could not say whether Mr. Arellano ever mentioned age in their conversation during his deposition, he pivots by attempting to proffer an unsworn statement from a friend recounting the interview with Mr. Arellano. D.E. 27, p. 4; D.E. 27-2. There, Mr. Pearce's friend, who was not a party to the conversation, contends that Mr. Pearce later told him that age *was* mentioned in his interview. *Id*. Mr. Pearce makes a similar attempt to overcome his sworn testimony through his email account to Brad Lambert ("Mr. Lambert") where he again claims that Mr. Arellano mentioned age. (ECF No. 30, at 2).[2] Indeed, Mr. Pearce could recharacterize the nature of his interview in any way he wanted in both his conversation with his friend and correspondence to Mr. Lambert. He could also conflate flight hours with age. Yet, this recharacterization does not render either of Mr. Pearce's subsequent accounts admissible. Both accounts fall squarely within the definition of hearsay. In both instances, Mr. Pearce offers after the fact characterizations of his conversation with Mr. Arellano to contradict his deposition testimony. As explained in Frontier's reply brief, inadmissible hearsay cannot create factual disputes for the purposes of summary judgment. *See Stanton v. Elliott*, 25 F.4th 227, 237 n.7 (4th Cir. 2022). Mr. Pearce has not and cannot present any *admissible* evidence to assist in meeting his burdens on summary judgment or further his age discrimination claim under the ADEA.

---

[2] Mr. Pearce was in possession, custody, and control of the proffered evidence when he opposed Defendant's Motion for Summary Judgment in September of 2023. He presents this material to the Court for the first time in his Supplement.

**B.     The Evidence Proffered in Mr. Pearce's Supplement is Not Excepted Under F.R.E. 801(d)(1)(B)(i).**

There are no exceptions under the hearsay rule for allowing the material submitted with the Supplement.  Neither of Mr. Pearce's subsequent accounts of his conversation with Mr. Arellano are excepted as a prior consistent statement under Federal Rule of Evidence 801(d)(1)(B)(i). First and foremost, the statements are not consistent with his deposition testimony. Neither account is offered for the very narrow purpose of rebutting a claim that he "recently fabricated the document or testimony or acted from a recent improper motive in so testifying."[3] F.R.E. 801(d)(1)(B)(i). Mr. Pearce undoubtedly volunteers the prior consistent accounts to explain or erase his own contradictory testimony. The Federal Rules of Evidence do not permit the admission of hearsay evidence for these purposes, and Mr. Pearce's prior testimony admitting that he could *not* say that age was actually raised in his conversation with Mr. Arellano must stand.

**III.     CONCLUSION**

Mr. Pearce has no admissible evidence to sustain an age discrimination claim.  While Mr. Pearce provides his own after-the-fact characterizations of his conversation with Mr. Arellano, those accounts are inadmissible and not subject to any exceptions under the Federal Rules of Evidence. The evidence presented in Mr. Pearce's Supplement is not sufficient to shoulder his burden to prove age discrimination or to withstand the sworn admissible testimony showing that age was not a factor behind Frontier's decision not to advance Mr. Pearce's pilot candidacy.  For

---

[3] The relevant Advisory Committee Notes further elaborate on the purpose of Rule 801(d)(1)(B). "The Rule did not, for example, provide for substantive admissibility of consistent statements that are probative to explain what otherwise appears to be an inconsistency in the witness's testimony. Nor did it cover consistent statements that would be probative to rebut a charge of faulty memory." Fed. R. Evid. 801 Advisory Committee Notes.

the reasons set forth above and in Frontier's motion for summary judgment and reply brief, Defendant Frontier Airlines is entitled to summary judgment in this matter.

Dated:  November 6, 2023 	Respectfully submitted,

*/s/ Peter J. Petesch*
Peter J. Petesch (Bar No. 12908)
ppetesch@littler.com
Alexis Bosilovic (Bar No. 21877)
abosilovic@littler.com
815 Connecticut Avenue, NW, Suite 400
Washington, DC  20006-4046
202.789.3434  (Telephone)
202.842.0011 (Facsimile)

*Counsel for Defendant Frontier Airlines, Inc.*

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 6th day of November 2023, a copy of the foregoing Defendant Frontier Airlines Inc.'s response to Plaintiff's Supplemental Memorandum in Opposition to Defendant's Motion for Summary Judgment was filed using the CM/ECF system and served by first-class mail, postage prepared, upon the following:

> William M. Pearce
> 2334 Sheppard Road
> POB 576
> Monkton, Maryland 21111
> *Pro Se* Plaintiff

                                                */s/ Alexis Bosilovic*
                                                Alexis Bosilovic